UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHRISTOPHER BEY, #236321,

                Plaintiff,               Case No. 2:12-cv-322

v.                                Honorable R. Allan Edgar

ROBERT NAPEL, et al.,

                Defendants.
_____/

## **MEMORANDUM AND ORDER**

On August 2, 2013, U.S. Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") in this case, in which he recommended that Defendants' motion for summary judgment be granted and this case be dismissed without prejudice.  Doc. No. 48.  Magistrate Judge Greeley further recommended that Plaintiff's pending motions be denied.  Plaintiff's complaint alleges that defendants failed to provide him with protective custody.  Magistrate Judge Greeley found that Plaintiff had failed to exhaust his administrative remedies because he did not file a Step III grievance on this issue.

Plaintiff has filed two objections to the R&R.  Doc. No. 49, 52.  This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

In his objections, Plaintiff asserts that he was fully granted the relief that he requested in his Step I grievance, and therefore his failure to file a Step III grievance should

be excused.  Specifically, Plaintiff states that, when he was placed in temporary segregation pending transfer to a facility that offers long term protective custody on July 23, 2012, he received his requested relief to be placed under protective custody and had no reason to file a Step III grievance.  The Court notes that Plaintiff did not receive his requested relief of being placed in protective custody, since he was only placed in temporary segregation at that time.  Furthermore, Plaintiff's complaint asserts that defendants failed to provide him with protective custody after he submitted kites in January of 2012 and May 2012, and that as a result he was exposed to danger and was attacked on May 7, 2012.  Doc. No. 1, pp. ID 5-7.  To exhaust his administrative remedies pursuant to MDOC policy, Plaintiff needed to file a grievance at each step concerning that issue.  *See* PD 03.02.130, ¶ B, p. ID 73. The fact that Plaintiff was placed in temporary segregation following the time period at issue does not affect the exhaustion requirement.

Plaintiff's objections [Doc. No. 49, 52] are without merit and are DENIED.  Magistrate Judge Greeley's R&R [Doc. No. 48] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b).  Plaintiff's case is DISMISSED WITHOUT PREJUDICE in its entirety.   Plaintiff's motion to excuse exhaustion [Doc. No. 38], his motions for partial summary judgment [Doc. No. 40, 46], his motions for production of documents [Doc. No. 23, 41], his motion for writ of habeas ad testificandum [Doc. No. 28], and his motion for attorney's fees [Doc. No. 30] are DENIED. A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated: _____9/13/2013_____    _____*/s/ R. Allan Edgar*_____
                                                                    R. Allan Edgar
                                                                    United States District Judge